J. S66043/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEENAN WHITE, | : | No. 3031 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered October 4, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003045-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEENAN WHITE, | : | No. 3058 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered October 4, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003046-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEENAN WHITE, | : | No. 3059 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered October 4, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003047-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
KEENAN WHITE, : No. 3060 EDA 2018
:
Appellant :


Appeal from the PCRA Order Entered October 4, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003048-2015


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
KEENAN WHITE, : No. 3061 EDA 2018
:
Appellant :


Appeal from the PCRA Order Entered October 4, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003057-2015


BEFORE: STABILE, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED FEBRUARY 14, 2020**

In this consolidated appeal, Keenan White appeals from the October 4, 2018 orders entered in the Court of Common Pleas of Philadelphia County granting the Commonwealth's motion to dismiss appellant's petition filed

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the factual and procedural history as follows:

> On October 2, 2014, [a]ppellant attempted to stab a LaSalle University student. Appellant was arrested, and while being processed, became aggressive and assaulted four police officers. On April 7, 2016, [a]ppellant entered a negotiated guilty plea as to all five dockets,[1] and was sentenced by [the sentencing] court to an aggregate term of five to ten years of incarceration, followed by five years of probation. Appellant did not file post-sentence motions or a notice of appeal. On December 19, 2016, [a]ppellant filed a petition under the [PCRA] seeking to vacate his conviction. Counsel was appointed, and an amended petition was filed on March 9, 2018. In response, the Commonwealth filed a motion to dismiss [a]ppellant's petition on July 18, 2018. [The PCRA] court held a hearing on the motion on October 4, 2018. After hearing testimony from [a]ppellant and plea counsel, [the PCRA] court [granted the Commonwealth's motion to dismiss appellant's PCRA petition.]

PCRA court opinion, 1/14/19 at 1. Appellant filed a timely notice of appeal at each of the five dockets.[2] The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

---

[1] We note that appellant pleaded guilty to one count of aggravated assault, 18 Pa.C.S.A. § 2702(a), at each of the five dockets. Appellant was sentenced to five to ten years' incarceration at each of the five dockets; sentences to run concurrent. Appellant was also sentenced to five years' probation for a violation of probation at docket MC-51-0044807-2009 and the same at docket MC-51-0044545-2011; probations to run concurrent and to run consecutive to appellant's incarceration.

[2] In a **per curiam** order, this court consolidated **sua sponte** appellant's five separate appeals.

Appellant timely complied. The PCRA court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review: "Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging [plea] counsel was ineffective[?]" (Appellant's brief at 7.)

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This [c]ourt grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Here, appellant argues that his plea counsel[3] was ineffective because counsel "never investigated his mental capacity to stand trial [although]

---

[3] We note that appellant, at the time he entered his guilty plea, was represented by Julia Dekovich, Esq.

counsel was aware of his mental condition" and failed to ensure that "an adequate colloquy was conducted." (Appellant's brief at 15.) Appellant contends "he was forced unknowingly, involuntarily, and coercively to plead guilty to charges that he did not understand and did not understand the sentence he could receive." (*Id.*)

> To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008).

*Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa.Super. 2013), *appeal denied*, 74 A.3d 1030 (Pa. 2013). "The failure to satisfy any one of the prongs requires rejection of the petitioner's claim." *Commonwealth v. Williams*, 141 A.3d 440, 454 (Pa. 2016) (citation omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Hickman*, 799 A.2d at 141 (citation omitted). "Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa.Super. 2013) (citation omitted). The totality of the circumstances surrounding a guilty plea must be examined to determine if the guilty plea

was voluntarily, knowingly, and intelligently entered. ***Commonwealth v. Allen***, 732 A.2d 582, 589 (Pa. 1999).

> The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the [trial] court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the [trial] court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the [trial] court is not bound by the terms of the agreement unless the [trial] court accepts the agreement.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa.Super. 2016) (citations omitted). Nothing in the Pennsylvania Rules of Criminal Procedure "precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-1213 (Pa.Super. 2008) (citation omitted), ***appeal denied***, 964 A.2d 893 (Pa. 2009). A written form signed by the defendant that includes any of the neglected requirements of the oral colloquy will cure the defective colloquy. ***Allen***, 732 A.2d at 589.

Here, the record demonstrates appellant signed a written guilty plea colloquy form in which appellant acknowledged that he understood the nature of the charges, the factual basis for the plea, his right to a jury trial, he was presumed innocent, what the permissible sentence range was, and the judge

was not bound by the terms of the agreement. Appellant signed this form
stating that he knowingly, voluntarily, and intelligently was pleading guilty. A
review of the notes of testimony from the plea hearing demonstrates that the
trial court's oral colloquy of appellant, in pertinent part, was as follows:

> [The Court]: Yeah. Sir, did you go over that form
> with the attorney, understand your rights you're
> giving up on the form, and will you sign the forms?
>
> [Appellant]: (No response.)
>
> [Plea Counsel]: He's asking you a question. Did we
> go over the form?
>
> [The Court]: You swear to tell the truth today. Right?
>
> [Appellant]: Yes.
>
> [The Court]: Okay. Just state your name for the
> record.
>
> [Appellant]: Keenan White.
>
> [The Court]: Okay. So, you went over that with your
> attorney. You understand your rights you're giving
> up. Right?
>
> [Appellant]: Yes.
>
> [The Court]: You understand you're giving up your
> right for a trial by jury. Right?
>
> [Appellant]: Yes.
>
> [The Court]: And once you plead guilty and you're
> sentenced, you'll have but only four limited issues you
> can raise on appeal. First is jurisdiction, but I have
> that. Second is the legality of the sentence. Sir, I'll
> sentence you within the legal boundaries to this
> agreed upon sentence. Third, is voluntariness. So,
> are you doing this of your own free will?

[Appellant]: Yes.

[The Court]: Okay. Fourth is, are you satisfied with your attorney?

[Appellant]: Yes.

[The Court]: The Commonwealth will ask you to agree to all the facts and all the police reports and mark them into evidence now. Will you agree with those facts?

[Appellant]: Yes.

[The Court]: Will you waive arraignment and plead guilty today?

[Appellant]: Yes.

Notes of testimony, 4/7/16 at 4-5.

At the PCRA hearing, plea counsel stated she had gone over the factual basis of appellant's case with him before he entered his guilty plea. (Notes of testimony, 10/4/18 at 45.) Counsel also stated appellant had a competency evaluation in December 2014 and that counsel, based upon her subsequent three meetings with appellant prior to his plea, had no reason to question his competency. (*Id.* at 44-45.) Plea counsel started working in the mental health unit of the Defender Association of Philadelphia about eight months prior to representing appellant.

The PCRA court found that at the PCRA hearing appellant made only bald statements about his mental incompetency at the time he entered his guilty plea and failed to call any witnesses to substantiate his claim of

incompetency. (PCRA court opinion, 1/14/19 at 4.) The PCRA court stated, "neither this [PCRA] court nor [plea] counsel, trained and experienced in the specialized field of defense of mentally ill clients, detected any indicia of mental impairment at the time of the guilty plea." (***Id.***) The PCRA court explained, "appellant's claim that mental impairment rendered his plea involuntary [was] directly contradicted by his filing of a carefully researched and drafted [m]otion for [n]ew [c]ounsel several weeks prior to his guilty plea." (***Id.*** at 3.)

In consideration of the totality of the circumstances, appellant failed to establish that he did not fully understand the nature and consequences of his plea and that his guilty plea was involuntarily and unknowingly entered. Furthermore, appellant failed to present any evidence that he was mentally incompetent at the time he entered his guilty plea or that would have led plea counsel to believe further investigation of his competency was required. ***See Willis***, 68 A.3d at 1002 (stating that the reasonableness of an attorney's particular investigation of a defendant's competency "depends upon evidence known to counsel, as well as evidence that would cause a reasonable attorney to conduct a further investigation" (citation omitted)). Therefore, appellant's claim of ineffectiveness of plea counsel fails.

Accordingly, we find that the PCRA court's granting of the Commonwealth's motion to dismiss appellant's PCRA petition is supported by the record and free of legal error.

J. S66043/19

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/20

- 10 -